UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOHN NEILAN, on his own behalf
and those similarly situated,

  Plaintiff,

v.

NKS OCEAN CC, LLC, a Florida
Limited Liability Company,

  Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

  Plaintiff, JOHN NEILAN, ("Plaintiff"), on behalf of himself and other former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant and states as follows:

## NATURE OF THE SUIT

  1. This action is brought under the FLSA to recover from Defendant minimum wage, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

  2. This action is intended to cover Defendant's wage violations against Plaintiff and on behalf of other similarly situated current and former non-exempt "tipped" employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), within the past three (3) years pursuant to the FLSA.

## PARTIES

3. Plaintiffs are non-exempt hourly paid service/restaurant employees and performed related activities for Defendant in Miami-Dade County, Florida. Plaintiff's job duties as non-exempt tipped employees included, at varying times, serving food, cleaning tables, bussing tables, bartending, and other non-management/non administrative tasks involved in the production aspect of serving patrons food and beverages at the restaurant Defendant managed.

4. Defendant, NKS OCEAN CC, LLC, a Florida Corporation, is a management company that operates restaurants located within Miami-Dade County, Florida. Defendant operated CAVALLIS restaurant at which Plaintiff and the putative class worked.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8. At all times during the last three (3) years, Defendant was an enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

9. At all times during the last three (3) years, Defendant was the "employer" within the meaning of the FLSA.

10. Defendant was, and continues to be, "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was, and continue to be, an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that, said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, telephones and other kitchen, food preparation and office materials and tools.

14. At all times material hereto, Plaintiffs were "engaged in commerce" by virtue of the fact that they regularly completed financial transactions with Defendant's customers' credit card companies, banks, and third-party payment processing services outside the State of Florida, and with foreign customers/tourists as part of their daily duties with Defendant.

15. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendant in that Defendant could not operate their restaurant without bussers, servers, and bartenders.

16. At all times material hereto, Defendant performed related activities, for a common business purpose, and with shared employees and operational control.

17. At all times material hereto, Defendant operated for a common business service,

to serve food and beverage to the general public in a sit-down restaurant setting.

18. At all times material hereto, Defendant utilized the same vendors, and often a single account with the same vendors.

19. At all times material hereto, Defendant shared employees in common, such that multiple employees worked for the Defendant and its clients, simultaneously within the same workweeks, and worked interchangeably.

## FACTUAL ALLEGATIONS

20. Defendant operates a fine dining restaurant located in Miami-Dade County Florida.

21. Plaintiff worked for Defendant as non-exempt hourly paid "tipped" employee. During his employment, Plaintiff worked anywhere between 40 hours each workweek and 50 (or more) hours per workweek. He was normally scheduled from 4:00pm to close (which varied from 12:00am-1:00am, at least 6 days a week. Plaintiff also worked "off the clock" at parties/special events catered by Defendant. Plaintiff is not in possession of all of his pay and time records, and cannot, therefore, calculate with certainty, the amount of overtime and unpaid wages he is entitled to as a result of Defendant's violations of the FLSA on a week by week basis, absent full access to same.

22. Defendant calculated its "tipped" employees' total nightly tips based on a point system. For example, there were three (3) "Captains" or Head Servers." They were the highest paid "tipped" employees with a total of 12 points. Additionally, the Bar Manager also received his nightly tips on a 12 point system. Defendant's cash tips were distributed every Friday. Defendant's "Captains" were responsible for cash tips. Defendant's "Servers" were the second highest paid "tipped" employees with a total of 10 points. Defendant's "bartenders" were the

third highest paid "tipped" employees with a total of 9 points. Defendant's "Expos" were the fourth highest paid "tipped" employees with a total of 8 points. Defendant's "Food Runners" were the fifth highest paid "tipped" employees with a total of 6 points. Other employees such as busboys received lower points in the tip pool.

23. During all times relevant, Defendant was required to pay employees minimum wage under both federal law for all hours worked.

24. Under the FLSA, if an employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $3.02 per hour in Florida during all times relevant) to satisfy its obligation to pay its employees at least a minimum wage. The burden is on the employers to prove they are entitled to take the tip credit against the employee's wages pursuant to the FLSA.

25. To utilize the tip credit under the FLSA, the employer must pay its employees the proper minimum wage and allow its tipped employees to retain **all the tips** they receive, except when there is a **valid arrangement for** "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage for each and every hour worked during each workweek.

26. Defendant failed to satisfy the tip pooling requirements of 29 U.S.C. § 203(m) during all times relevant, because non-tipped employees such as managers, polishers, and food expeditors, illegally participated in the tip pool. Thus, Defendant was not eligible for the tip credit and were required to pay Plaintiffs the full applicable minimum wage rate required by the FLSA.

27. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during all times relevant, Defendant was not eligible for the tip credit and were required to pay Plaintiffs the full applicable overtime wage rate required by the FLSA.

28. During all times relevant, Defendant utilized the tip credit to pay Plaintiffs, who served food and/or beverages to Defendant's customers, at an hourly wage rate that was less than the applicable minimum wage allowed under the FLSA. Additionally, Defendant did not allow Plaintiffs to retain all of their tips. Defendant required Plaintiffs to pay a portion of their tips to non-tipped employees and/or employees who illegally received tips shares such as managers, polishers, and food expeditors.

29. Specifically, Defendant required Plaintiffs to give all cash tips/credit card tips to management and management held onto same, and then split these tips with employees that were not eligible to receive tips. For example, Defendant's Bar Manager, Lorenzo Cassano, Defendant's' Polisher, Carlos Googuin, and several food expeditor workers on the food pass line, who included, Lazaro Blanco, Akira Norbukawa, Faruk Gunay, all of which rotated the expeditor position were not part of the service or interaction with customers that would justify their participation in Defendant's tip pool. Based on the failure of the above named employees to interact with customers and not perform duties that would regularly result in receiving tips from customers. Rather, these positions, such as managers, polishers, and food expeditors work in what is referred to Defendant's restaurant as "behind the wall," where they rarely, if ever, interact with Defendant's patrons.

30. During all times relevant, and as explained in Paragraph 24 above, Plaintiff worked over forty hours during multiple weeks of employment with Defendant.

31. During all times relevant, Defendant did not pay Plaintiffs the applicable minimum wage rate for regular hours worked.

32. During all times relevant, Defendant did not pay Plaintiffs the applicable overtime wage for overtime hours worked.

33. During all times relevant, Plaintiffs were forced to perform side work, while not earning tips, in excess of 20% of their work time. For example, Plaintiff, and those similarly situated to him, were required to work for Defendant's' private parties and would be scheduled to begin set up at 4:00p.m. until about 7:00pm, and then be required to work, which included, serving food, drinks, cleaning, basically anything the Defendant needed at the private party. Plaintiff, and those similarly situated, would not be allowed to leave until about 1:00 am. Plaintiff would work nine (9) hours and be paid $75.00 for the day and would not be permitted to retain any tips earned at these private parties. Further, Defendant failed to add the time worked at these parties to Plaintiff's hours worked for the week and same was not properly accounted for in Plaintiff's paycheck.

34. Moreover, during all times relevant, Defendant willfully engaged in practices that denied Plaintiff applicable minimum wage under the FLSA, because Defendant was aware that their tip pooling practices were illegal, as well as the fact that they were violating the law by not permitting Plaintiff, and those similarly situated, to count the "off the clock" work at private parties toward their weekly compensation/hours worked for minimum wage and overtime purposes.

35. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

36. Plaintiffs reincorporate and re-allege paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

37. Plaintiff, and those similarly situated, are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During Plaintiff's employment with Defendant, Plaintiffs regularly worked overtime hours, but was not paid proper time and one half compensation for same.

38. Plaintiff is not an exempt employees as defined by the FLSA.

39. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half the applicable minimum wage for their overtime hours.

41. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether their pay practices were in violation of the FLSA.

42. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether their pay practices were in violation of the FLSA.

43. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLSA)

44. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35 above.

45. Plaintiff, and those similarly situated, were entitled to be paid the applicable federal minimum wage for each week Plaintiff worked during Plaintiff's employment with Defendant.

46. Defendant failed to pay Plaintiff, and those similarly situated to him, the federal minimum wage for each week Plaintiff worked for Defendant.

47. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant refused and/or failed to compensate Plaintiff for same.

48. As a result of Defendant's actions in this regard, Plaintiff has not been paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

49. Defendant had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

50. Specifically, by engaging in illegal tip pooling practices, Defendant attempted to utilize a tip credit which diminished the appropriate payment of minimum wages to Plaintiff, and those similarly situated, as required by the FLSA.

51. Defendant willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

52. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated, has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a. Designate this action as a collective action on behalf of the Collective Action Members and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Joining, pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

c. Awarding Plaintiff, and those similarly situated, overtime compensation in the amount due to them time worked in excess of forty (40) hours per work week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff, and those similarly situated to him, minimum wages in the amount due to him for each hour worked in each work week;

f. Awarding Plaintiff liquidated damages in an amount equal to the minimum

wages award;

g. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h. Awarding Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff and the class members were all "tipped" employees and performed the same or similar job duties as one another in that they served Defendant's patrons food and beverages.

49. Plaintiff and the class members were subjected to the same pay provisions in that they were all hourly-paid, but Defendant impermissibly took the tip credit with respect to their hourly wages, despite the fact that Defendant was not allowed to do so.

50. Defendant was not entitled to take the tip credit with respect to Plaintiff and the class members, because Defendant illegally retained a portion of all tips earned by Plaintiff and the class members and gave them to management, polishers, and food expeditors- none of which were properly permitted to share in the tip pool.

51. The result of Defendant's illegal retention of the tips of Plaintiff and the class members was a failure to pay Plaintiff and the class members the required minimum wages and overtime wage rate due under the FLSA.

52. Defendant's failures in this regard resulted from a common policy or practice wherein Defendant illegally retained a portion of all of the putative classes' tips because they

paid a portion of their tips to non-tipped employees and/or employees who illegally received tip shares.

53. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages and overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "tipped" employees who worked for Defendant within the last three years who were not compensated at the required minimum wage and/or overtime rates due under the FLSA as a result of Defendant's' illegal tip pooling and pay practices.**

54. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wages and overtime with respect to Plaintiff and the class members.

55. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

56. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

57. Defendant failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

  i. WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and:

a. Designate this action as a collective action on behalf of the Collective Action Members and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Joing, pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

c. Award Plaintiff, and those similarly situated, overtime compensation in the amount due to them time worked in excess of forty (40) hours per work week;

d. Award Plaintiff liquidated damages in an amount equal to the overtime award;

e. Award Plaintiff, and those similarly situated to him, minimum wages in the amount due to him for each hour worked in each work week;

f. Award Plaintiff liquidated damages in an amount equal to the minimum wages award;

g. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 25th day of June 2015.

Respectfully Submitted,

Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
Richard@floridaovertimelawyer.com

/s/
Richard Celler, Esq.
Florida Bar No.: 017330

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

JOHN NEILAN, on his own behalf
and those similiary situated,

    Plaintiff,

v.

NK PARTNERS, LLC, a Florida
Limited Liability

    Defendant.

_____/

### CONSENT TO BECOME PARTY PLAINTIFF

    I, JOHN NEILAN, consent to become the party plaintiff in the above-styled Lawsuit.

Date:  June 17, 2015

Signature: _John Neilan_ (signature)

Print:  John NEILAN